# Exhibit A



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

ETHEL COLCLOUGH
Vs.
ONEWEST BANK

C.A. No.     2010 CA 001444 R(RP)

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order.  Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to:  Judge JUDITH BARTNOFF
Date:   March 5, 2010
Initial Conference: 9:00 am, Friday, June 11, 2010
Location:  Courtroom 100
          500 Indiana Avenue N.W.
          WASHINGTON, DC 20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc

**SCR CIV FORM 1-A**
Notice and Acknowledgment for Service by Mail
**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
Civil Division

Ethel Colclough
                                                    *Plaintiff*

V.

                                        Civil Action Number  2010 CA 001444 R(RP)

OneWest Bank
                                                    *Defendant*

**NOTICE**

To:    Name  Onewest Bank

       Address  888 East Walnut Street

       Pasadena, CA 91101

The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

You must sign and date the Acknowledgement. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be taken against you or the relief demanded in the complaint.

This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date)  4/9/2010

Signature  *Barbara J. Johnson*          Date of Signature  *April 9, 2010*

**Acknowledgment of Receipt of Summons, Complaint and Initial Order**

I received a copy of the summons, complaint and initial order in the above captioned matter at

(address)

Signature                          Relationship to Defendant/Authority          Date of Signature
                                   To Receive Service

Form CV(6)-1590/Mar 97

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

ETHEL AND JAMES COLCLOUGH
2254 13th St., NE
Washington DC, 20018

                         Plaintiffs

v.

ONEWEST BANK
888 East Walnut Street
Pasadena, CA 91101

         Serve:  Mayor's Office
                 DCRA, Corporation Division
                 941 North Capitol St. NE
                 Washington, DC  20002

AAPEX HOME MORTGAGE
7 Church Lane, Suite 8
Pikesville, MD 21208

         Serve:  Mayor's Office
                 DCRA, Corporation Division
                 941 North Capitol St. NE
                 Washington, DC  20002

HEAVYWEIGHT SETTLEMENT COMPANY
11500 Cronridge Drive
Owings Mills, MD 21117

         Serve:  Mayor's Office
                 DCRA, Corporation Division
                 941 North Capitol St. NE
                 Washington, DC  20002

            Defendants.

Civil Action No.:
Hon.
Next Event:

**RECEIVED**
Civil Clerk's Office
MAR 0 5 2010
Superior Court
of the District of Columbia
Washington, D.C.

0001444-10

**JURY TRIAL DEMANDED**

---

**VERIFIED COMPLAINT**

**Action Involving Real Property**
(2254 13th Street, N.E., Washington, D.C. 20018  Square 3942 Lot 0032)

## I. PRELIMINARY STATEMENT

1.     In this action, Plaintiffs Ethel and James Colclough, senior African-American homeowners seek redress against abusive mortgage refinancing practices that have jeopardized their home of 28 years.

2.     Defendants Aapex Home Mortgage ("Aapex") and Heavyweight Settlement Company ("Heavyweight") targeted the Colcloughs, took advantage of their lack of sophistication in financial matters, and induced them to enter into an unsuitable and unaffordable loan that did not substantially benefit them, in violation of District of Columbia laws.

3.     After the mortgage closing, the Colcloughs did not receive signed copies of the loan documents.  They did not receive a Notice of Right to Cancel in the proper form as required by federal law.

4.     The Colcloughs bring this action as a defense to foreclosure and seeks a Declaratory Judgment against Defendant OneWest Bank for rescission of the March 2007 refinance under the Truth in Lending Act, 15 U.S.C. § 1601, et seq. (hereinafter "the TILA") and under Federal Reserve Board Regulation Z, 12 C.F.R. § 226, promulgated pursuant to the TILA. The rescission is a defense to the underlying obligation.

5.     The Colcloughs' District of Columbia claims against both Aapex and Heavyweight arise in part under the District of Columbia Consumer Protection Procedures Act ("CPPA") D.C. Code § 28-3901 et seq., which protects consumers against unfair and deceptive trade practices. Among other things, the CPPA prohibits mortgage lenders from making loans if there is a reasonable probability a consumer cannot repay and from making loans from which the consumer does not receive a substantial benefit.

6.     The Colcloughs' District of Columbia claims against Aapex also arise in part under the District of Columbia Mortgage Lender and Broker Act ("MLBA"), D.C. Code § 26-1101 et seq., which provides for the licensing and regulation of mortgage lenders and mortgage brokers. Among other things, the MLBA regulates loan disclosures and execution of agreements.

## PARTIES

7.     Plaintiffs Ethel and James Colclough reside at 2254 13th Street, N.E., Washington, D.C. 20018 ("the property"). At all times material to this action, they have been citizens of the District of Columbia.

8.     Upon information and belief, Defendant OneWest Bank is chartered as a Savings Association and is headquartered at 888 East Walnut Street, Pasadena, CA 91101.

9.     Upon information and belief, Defendant OneWest Bank is the holder of the note.

10.     Upon information and belief, Defendant OneWest Bank does not maintain a registered agent in the District of Columbia.

11.     Upon information and belief, Defendant Aapex is a Maryland corporation whose place of business is 7 Church Lane, Suite 8, Pikesville, MD 21208.

12.     Upon information and belief, Defendant Aapex regularly solicits and brokers mortgage loans to D.C. homeowners.

13.     Upon information and belief, Defendant Aapex does not maintain a registered agent in the District of Columbia.

14.     Defendant Aapex was the mortgage broker for the mortgage at issue in this action.

15.     Upon information and belief, Defendant Heavyweight is a Maryland corporation whose place of business is 11500 Cronridge Drive, Owings Mills, Maryland 21117.

16.     Upon information and belief, Defendant Heavyweight regularly conducts closings for properties in the District of Columbia, including creating and executing documents affecting title to real property in the District of Columbia.

17.     Upon information and belief, Defendant Heavyweight does not maintain a registered agent in the District of Columbia.

18.     Heavyweight prepared and executed documents affecting title to the real property at issue in this action.


## FACTS

19.     Ethel, age 61, and James Colclough, age 68, purchased their home at 2254 13th Street, N.E., Washington, D.C. 20018 in 1982.

20.     Ethel Colclough's highest level of completed education is 8th grade.  Her employment history includes working in the housekeeping team at the Washington Hospital Center and doing filing.  She became disabled in 2008.

21.     James Colclough's highest level of completed education is 10th grade.  James retired from working as a store clerk in 2005.


### *March 2007 Refinance: Mortgage Store Financial, Inc.*

22.     In the winter of 2007, the Colcloughs had a mortgage on their home with a balance of approximately $267,730.

23.     Aapex contacted the Colcloughs about refinancing their home.  The Colcloughs wanted a fixed rate mortgage and were told by Aapex they would get a fixed rate.  Relying on this representation, the Colcloughs refinanced their existing mortgage loan.

24.     The Colcloughs provided Aapex with financial documentation, including proof of Ethel's employment and James' Social Security. At the time of the refinance, Ethel earned approximately $1,450 per month as a housekeeper's aide at Washington Hospital Center. James was retired and his social security was approximately $995 per month.

25.     An undated and unsigned Loan Application erroneously represented information about Ethel Colclough, including that (1) her income was $4,500 per month, and (2) that Ethel had $9,000 in savings at Wachovia bank. Both the income and amount in their bank account was inflated. They had a minimal savings and their combined income was just $2,445.

26.     The closing took place at the Colclough's home on or about March 8, 2007. The Colcloughs did not have an attorney at the closing representing them. The agent that conducted the closing took the original loan documents and left the Colcloughs with unsigned copies.

27.     The notary on the Deed of Trust is Ronnie Bensky. Upon information and belief, Ronnie Bensky is not authorized to notarize documents in the District of Columbia.

28.     The originating lender on the new loan was Mortgage Store Financial, Inc. The loan amount was $307,000.

29.     After the closing, the Colcloughs received mortgage correspondence that only had Ethel's name on it. When they questioned the lender, the Colcloughs were surprised to learn that James had been taken off the deed and that only Ethel was on the loan. Mr. and Mrs. Colclough did not consent to James being removed from title to their home and did not intend that the mortgage be placed in Ethel's name only. Aapex did not disclose to the Colcloughs that James would be removed from title or that the loan would be in Ethel's name only.

30.     The deed removing James from the title to his home ("Removal Deed") is dated February 8, 2007, but was recorded with the closing documents on April 9, 2007. The Removal

Deed is marked by hand as 1 of 3. The "Removal Deed" was recorded as instrument 2007048551-1.

31.     Although the "Removal Deed" is dated February 8, 2007, the Colcloughs do not believe that the Removal Deed was signed prior to the closing. The Colcloughs have no recollection of signing the Removal Deed and were not aware that James would be removed from title to their home.

32.     The Mortgage Store Financial, Inc. Deed of Trust was marked by hand as 2 of 3 and was recorded on April 9, 2007. The Deed of Trust was recorded as instrument 2007048553-1.

33.     The deed returning James to the title was dated March 8, 2007 and filed on May 1, 2007 with a Re-Recording Certification. The re-recording certification stated that the reason for re-recording was that "this deed should have been recorded as document 3 of 3, behind a D.O.T. recorded in instrument 2007048553." Handwritten at the end of the March 8 Deed is 3 of 3. The Deed was recorded as instrument 2007048552-1.

34.     On December 10, 2007, Heavyweight mailed the Colcloughs the March 8, 2007 deed.

35.     After the closing, the Colcloughs were surprised to learn that they were placed in an adjustable rate mortgage. The adjustable rate mortgage provided for initial-interest only payments, not the fixed-rate mortgage product promised by Aapex. Under the terms of the new loan, the payments were interest-only for the first five (5) years.

36.     The Adjustable Rate Mortgage was not suitable or affordable for the Colcloughs because of their limited financial means, age, and the unlikelihood that their income would increase over time.

37.     The Colcloughs secured debt in order to pay off unsecured creditors.  Securing previously unsecured debt made the loan unsuitable for the Colcloughs because it would make any subsequent refinance less affordable.

38.     Based on the Colcloughs' actual income and expenses at the time of the refinance, the loan was unaffordable and unsuitable for them because their actual income in March 2007 was insufficient to repay the loan and also pay for household expenses.

39.     This loan did not provide the Colcloughs with a substantial benefit.

40.     The principal amount of the new loan jumped from $267,730 to $307,000.

41.     The Colcloughs paid $11,361.74 in fees and costs to settle the loan.

42.     Aapex was paid at least $6,195 to broker this loan.

43.     Heavyweight was paid at least $1,000 in settlement services.

44.     A reasonable and prudent analysis of the Colclough's ability to pay at the time of the March 2007 transaction would have disclosed that the new mortgage payment would not be affordable.  The monthly loan amount of approximately $1,559 was more than Ethel's income of $1,450 and 63% of the Colclough's total household income.  The loan was not prudent or appropriate for the Colcloughs as it left them with an insufficient amount to pay for utilities, medical needs, groceries, transportation and insurance.

45.     The Colcloughs were provided with misleading documents, the terms of which violate the Truth In Lending Act by stating both (a) an Annual Percentage Rate (APR) and payment schedule and also (b) a contradictory statement that those figures are only estimates.  Specifically, the Disclosure includes the sentence that: "THE PAYMENT SCHEDULE AND ANNUAL PERCENTAGE RATE DISCLOSED HERE ARE ESTIMATED ASSUMING THAT THE CURRENT INDEX RATE WILL NOT INCREASE OR DECREASE THROUGHOUT THE LOAN TERM."

46.     The language on the Truth in Lending Disclosure Statement was not meaningful, as the additional language about estimated numbers obscured the terms and did not provide the Colcloughs with a clear and conspicuously stated Annual Percentage Rate or payment schedule.

47.     The Colcloughs did not receive signed copies of the loan documents.  They did not receive loan documents as required by federal law.  The Notice of Right to Cancel was not dated and the document failed to include an expiration date for the rescission right.

48.     The March 2007 transaction is a consumer credit transaction subject to the borrowers' right of rescission as described by 15 U.S.C. § 1635 and Regulation Z §226.23 (12 C.F.R. § 226.23).

49.     In the course of this consumer credit transaction 15 U.S.C. § 1635(a) and Regulation Z § 226.23(b) were violated as the Colcloughs were not delivered copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

50.     The Colcloughs have a continuing right to rescind the March 2007 transaction until up to three years after consummation of the transaction.  15 U.S.C. § 1635(a) and Regulation Z § 226.23(a)(3).

51.     On March 4, 2010, the transaction was rescinded by sending the holder of the note, OneWest Bank, and the servicer, IndyMac Mortgage Services a notice of rescission by certified mail with return receipt requested. A true and correct copy of the notice of rescission is attached hereto and marked as Exhibit A and incorporated herein by reference.

## COUNT I - VIOLATION OF THE D.C. CONSUMER
## PROTECTION PROCEDURES ACT (CPPA)
### (AGAINST AAPEX HOME MORTGAGE)

52.    Plaintiff repeats the allegations of the preceding paragraphs as if fully set forth herein.

53.    The District of Columbia, in order to protect consumers from unfair and misleading business practices and to provide consumers with proper redress of grievances, enacted the Consumer Protection Procedures Act ("CPPA"), D.C. Code §28-3901, et seq.

54.    The CPPA applies to consumer credit loans secured by residential property.

55.    Any consumer who suffers damages as a result of violations of the CPPA may bring an action and recover treble damages, attorneys' fees and other appropriate relief.

56.    Defendant Aapex made a mortgage loan that was, for the Colcloughs, unsuitable, unaffordable, and unconscionable, and which was made with knowledge that there was no reasonable expectation they would be able to repay the loans as structured, in violation of D.C. Code 28-3904(r)(1).

57.    Defendant violated D.C. Code § 28-3904(r)(2) by refinancing the Colcloughs' mortgage loan without providing the Colcloughs substantial benefits; and by instead extending a loan product that was unconscionable, unsuitable, and unaffordable.

58.    Defendant violated D.C. Code §28-3904(r)(5) by knowingly taking advantage of the Colclough's inability to protect their own interests by reason of their age, ignorance, lack of sophistication, and other factors, in extending them a loan product that was for them unconscionable, unsuitable, and unaffordable.

59.    Defendant committed unlawful trade practices under D.C. Code § 28-3904 by, inter alia, failing to state a material fact that tended to mislead, in violation of § 28-3904 (f). Defendant failed to state that James Colclough was removed from title.

60.    Defendant Aapex Mortgage committed unlawful trade practices under D.C. Code § 28-3904 by, inter alia:

     a.    Materially misrepresenting that the mortgage would have a fixed rate in violation of §28-3904 (a) & (e);

     b.    Representing that the mortgage was supplied in accordance with previous representations, including that the loan would have a fixed rate when in fact it was an adjustable rate mortgage, in violation of § 28-3904(u).

61.    These misrepresentations of material facts or failures to state material facts were made with knowledge that they were false or that their omission would create a false understanding.

62.    The Colcloughs justifiably relied on these misrepresentations and/or failures to state material facts.

63.    Defendant's violations of the CPPA were intentional, willful and wanton, and justify the imposition of treble damages as well as attorneys' fees and costs.

## COUNT II - VIOLATIONS OF THE CPPA
### (AGAINST HEAVYWEIGHT SETTLEMENT COMPANY)

64.    Plaintiff repeats the allegations of the preceding paragraphs as if fully set forth herein.

65.    Defendant Heavyweight Title purported to have provided services, including settlement services, to the Colcloughs, including by preparing closing documents and by certifying, notarizing and recording the Mortgage Store Financial, Inc. Deed of Trust.

66.    The closing was not conducted in accordance with District of Columbia law because the notary was not authorized to notarize documents in the District of Columbia. Defendant committed an unfair trade practice by failing to follow District of Columbia laws at the closing.

67.    Defendant committed unlawful trade practices under D.C. Code § 28-3904 by, inter alia, the failure to conduct the notarization and acknowledgement of the Deed of Trust by District of Columbia notary, in violation of § 28-3904 (a) & (b).

68.    Defendant performed settlement services regarding the mortgage in violation of D.C. Code 28-3904 by, inter alia, materially misrepresenting that the documents prepared and presented  were in compliance with District of Columbia laws and business customs, in violation of § 28-3904(e).

69.    Defendant committed unlawful trade practices under D.C. Code § 28-3904 by, inter alia, materially misrepresenting that settlement services benefited the Colcloughs when the services benefited Defendant, in violation of § 28-3904 (a) & (e).

70.    Defendant committed unlawful trade practices under D.C. Code § 28-3904 by, inter alia, failing to state a material fact that tended to mislead, in violation of § 28-3904 (f). Defendant failed to state that James Colclough was removed from title.

71.    These misrepresentations of material facts or failures to state material facts were made with knowledge that they were false or that their omission would create a false understanding.

72.    The Colcloughs justifiably relied on these misrepresentations and/or failures to state material facts.

73.    Defendant's violations of the CPPA were intentional, willful and wanton and justify the imposition of treble damages as well as attorneys' fees and costs.

## COUNT III - VIOLATION OF THE MORTGAGE LENDERS AND BROKERS ACT
### (AGAINST AAPEX HOME MORTGAGE)

74.    Plaintiff repeats the allegations of the preceding paragraphs as if fully set forth herein.

75.    The Mortgage Lender and Broker Act, D.C. Code §26-1101, et seq., regulates loan disclosures and execution of agreements.

76.    The MLBA prohibits, amongst other things, the making of predatory loans or engaging in predatory lending activities.

77.    A real estate broker or a real estate salesperson who receives any fee, commission, kickback, rebate, or other payment for directly or indirectly negotiating, placing, or finding a mortgage loan for others is not exempt from the provisions.

78.    Defendant Aapex received financial incentives for negotiating and placing the Colcloughs in the Mortgage Store Financial, Inc. mortgage.

79.    Defendant violated the MLBA by, amongst other things:

a.    Placing Ethel Colclough in an unaffordable loan in violation of 26-1114(a)(9);

b.    Misleading Ethel Colclough with the false promise of obtaining a fixed rates solely to obtain fees in violation of 26-1114(d)(1);

c.    Engaging in unfair or deceptive practice toward Ethel Colclough in violation of 26-1114(d)(2);

       d.      Making false or deceptive statements or representations, specifically in promising Ethel Colclough a fixed rate mortgage and then providing an adjustable-rate mortgage (bait-and-switch) in violation of 26-1114(d)(9).

80.     Defendant's violations of the Mortgage Lender and Broker Act were intentional, willful and wanton.


### COUNT IV - VIOLATIONS OF THE TRUTH IN LENDING ACT
### (AGAINST ONEWEST BANK)

81.     Plaintiff repeats the allegations of the preceding paragraphs as if fully set forth herein.

82.     The Truth in Lending Act and Regulation Z mandate that all closed end consumer loans be accompanied by a Truth in Lending disclosure of material terms. TILA, 15 U.S.C. §1638, 1639; 12 C.F.R. §226.18.

83.     TILA requires that creditors "clearly and conspicuously" disclose the consumer's right to rescind. 15 U.S.C. § 1635(a). The Notice of Right to Cancel shall clearly and conspicuously disclose the date the rescission period expires. 12 C.F.R. § 226.23(b)(1).

84.     The disclosure in this matter violated TILA in that it failed to properly provide a Notice of Right to Cancel because the document did not disclose the date the rescission period expired.

85.     The TILA violations described give the Colcloughs an extended right to rescind the loan pursuant to U.S.C. § 1635 and 12 C.F.R.§ 226.23. The Colcloughs are also entitled to an extended right of rescission against any assignees of the loan pursuant to 15 U.S.C. § 1641(c).

86.     Assignees of mortgages are liable for rescission under TILA. 15 U.S.C. §1641(c).

87.     Accordingly, Defendant OneWest, is liable for violations of TILA which entitle the Colcloughs to rescission as to the creditors, and any unknown assignees under 15 U.S.C. §1635(a) and 1641(a).

88.     The rescission is a defense to the underlying obligation.

89.     Regulation Z at 226.23(d)(4) and applicable law grant this court authority to modify the rescission procedures mandated by TILA and Regulation Z in accordance with all the circumstances in the case, including, without limitation, the facts and circumstances pleaded herein, to enable the Colcloughs a reasonable opportunity to satisfy the sums that may be owed pursuant to their rescission.

90.     With respect to such authority to modify, the Federal Reserve Board Staff Commentary to Regulation Z states as follows: "The sequence of procedures under §226.23(d)(2) and (3), or a court's modification of those procedures under § 226.23(d)(4), does not affect a consumer's substantive right to rescind and to have the loan amount adjusted accordingly. Where the consumer's right to rescind is contested by the creditor, a court would normally determine whether the consumer has a right to rescind and determine the amounts owed before establishing the procedures for the parties to tender any money or property." Reg Z, Staff Commentary § 226.23(d).

91.     A valid rescission could enable the Court to restructure the loan to enable the Colcloughs to pay the sums, if any, owed post-rescission.

92.     The Colcloughs are entitled to an equitable modification as pleaded herein.

## PRAYER FOR RELIEF

WHEREFORE, in light of the foregoing, plaintiffs Ethel and James Colclough respectfully requests that this Court:

a)  award actual damages in an amount to be determined at trial;

b)  award treble damages;

c)  award attorneys' fees;

d)  award reasonable costs of this action;

e)  award Plaintiff equitable relief;

f)  declare that Plaintiffs are entitled to rescind the mortgage pursuant to 15 U.S.C. §1635(a) and §1641(c);

g)  equitably modify the Plaintiffs' right to tender;

h)  award such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues.

Respectfully submitted,

_Kerry M. Diggin # 983085_
Kerry M. Diggin # 983085
Legal Counsel for the Elderly
601 E Street NW
Washington, D.C. 20049
Telephone: (202)434-2185
Facsimile: (202)434-6464
*Attorney for Plaintiff*

## VERIFICATION OF JAMES AND ETHEL COLCLOUGH

We, James and Ethel Colclough, verify under penalty of perjury that the allegations contained in the foregoing VERIFIED COMPLAINT were read to me and are true and correct to the best of my knowledge, information and belief.


*Ethel J. Colclough*
_____
Ethel J. Colclough

SUBSCRIBED AND SWORN TO before
me this 4 day of March, 2010,
in the District of Columbia.

_____
NOTARY PUBLIC, D.C.


My Commission Expires:


*James Colclough*
_____
James Colclough

SUBSCRIBED AND SWORN TO before
me this 4 day of March, 2010,
in the District of Columbia.

_____
NOTARY PUBLIC, D.C.


My Commission Expires: 10/31/2013

Carroll E. Ingraham
Notary Public, District of Columbia
My Commission Expires 10/31/2013

# Exhibit A

# Legal Counsel
# for the Elderly

March 4, 2010

## VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED #7005 0390 0050 6018 4114
The Mortgage Store Financial, Inc., A California Corporation
707 Wilshire Blvd., 26th Floor
Los Angeles, CA 90017

## VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED #7005 0390 0005 6018 4121
IndyMac Mortgage Servicing
ATTN:  Cashiering Department
6900 Beatrice Drive
Kalamazoo, MI 49009

## VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED # 7005 0390 0005 6018 4138
IndyMac Mortgage Services
P.O. Box 4045
Kalamazoo, MI 49003-4045

## VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED # 7005 0390 0005 6018 4145
OneWest Bank FSB
c/o IndyMac Mortgage Services
P.O. Box 4045
Kalamazoo, MI 49003-4045

## VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED # 7005 0390 0005 6018 4152
OneWest Bank
888 East Walnut Street
Pasadena, CA 91101

Re:     **Ethel Joyce Colclough**
        **Loan No. 1009751460**
        **Property Address: 2254 13th St. NE, Washington DC 20018**

To Whom It May Concern:

Ethel and James Colclough rescind the loan transaction entered into with The Mortgage Store Financial, Inc., A California Corporation on or about March 8, 2007.  Ethel and James Colclough exercise that right pursuant to the Federal Truth in Lending Act, 15 U.S.C. § 1635, and Regulation Z § 226.23 (12 C.F.R. § 226.23).

Ethel and James Colclough's right to rescind this transaction is predicated upon the fact that The Mortgage Store Financial failed to provide Ms. Colclough with her notice of right to rescind as required under the Truth-in-Lending Act ("TILA") and its implementing regulations ("Reg. Z").  See 15 U.S.C. § 1635(a).  Both TILA and Regulation Z explicitly provide that the consumer "shall" have the right to rescind if the creditor did not provide a properly completed

601 E Street, NW | Washington, DC 20049 | 202-434-2120 | 202-434-6464 fax | 202-434-6562 TTY | www.aarp.org/lce
Legal Counsel for the Elderly is affiliated with AARP.
Part of the Senior Service Network – Supported by the DC Office on Aging.

## Legal Counsel
## for the Elderly

March 4, 2010
Rescission of Mortgage Loan
Borrower: Ethel Joyce Colclough
Loan No. 1009751460
Property Address: 2254 13th St. NE,
Washington DC 20018
Page 2 of 2

and appropriate rescission form. *See* 15 U.S.C. § 1635(i)(1); 12 C.F.R. § 226.23(h)(ii). This right is available to the borrower even after a foreclosure has been initiated.

Due to the above-referenced violation, Ethel and James Colclough are entitled to rescind the mortgage loan for up to three years following the transaction. 15 U.S.C. § 1635(f); 12 C.F.R. § 226.23(a)(3). Ethel and James Colclough also reserve all rights to raise additional or alternative grounds for rescission as may be subsequently identified under state or federal law.

It is our understanding that OneWest Bank is either the holder or the agent for the holder of the note and therefore an authorized party to accept service of rescission.

Pursuant to the procedure set forth in the Truth in Lending Act and Regulation Z, Ethel and James Colclough are prepared to discuss a tender obligation, should it arise, and satisfactory ways by which they may meet this obligation. Accordingly, please provide a record of all payments and credits regarding the Colclough account to establish and settle the tender amount. Please be advised that Ethel and James Colclough have requested a HAMP modification. The rescission of the loan does not waive this request for a HAMP modification.

In the event that you do not comply with this rescission notice in a timely manner, Ethel and James Colclough do not waive their rescission claim by subsequently continuing to make regular monthly payments. Nor do they waive their rescission claim by paying the alleged balance due on this mortgage by refinancing the debt or by selling the secured property. Instead, the payments should be treated as advances towards whatever tender obligations Ethel and James Colclough may eventually owe. In the event that Ethel and James Colclough pay more than the amount required pursuant to any tender obligation, your company must refund the excess.

Please be advised that if you do not cancel the security interest and return all consideration paid by Ethel and James Colclough within 20 days of receipt of this letter, you will be responsible for actual and statutory damages pursuant to the Truth in Lending Act.

Sincerely,

*Kerry Diggin*

Kerry Diggin

cc:    Ethel and James Colclough
       2254 13th St. NE
       Washington, DC 20018

601 E Street, NW | Washington, DC 20049 | 202-434-2120 | 202-434-6464 fax | 202-434-6562 TTY | www.aarp.org/lce
*Legal Counsel for the Elderly is affiliated with AARP.*
Part of the Senior Service Network – Supported by the DC Office on Aging.

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

| | | |
|---|---|---|
| **ETHEL AND JAMES COLCLOUGH** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 2010 CA 001444 R** |
| | ) | |
| **ONEWEST BANK, et al.** | ) | **Judge Judith Bartnoff** |
| | ) | **Next Court Event:** |
| | ) | **June 18, 2010** |
| **Defendants.** | ) | **Initial Conference** |

### DISCLOSURE OF CORPORATE AFFILIATIONS
### AND FINANCIAL INTERESTS

Defendant Heavy Weight Title Company d/b/a Heavy Weight Settlement Company, by counsel, respectfully submits this certificate required by D.C. R. Civ. P. 7.1, and states that there are no parent companies, subsidiaries or affiliates of Heavy Weight Title Company that have any outstanding securities in the hands of the public.

This representation is made in order that judges of this court may determine the need for recusal.

<div style="margin-left:40%">

Respectfully Submitted,
HEAVY WEIGHT TITLE COMPANY
d/b/a HEAVY WEIGHT SETTLEMENT
COMPANY

By Counsel

   /s/
Megan S. Ben'Ary (DC Bar No. 493415)
LeClairRyan, A Professional Corporation
2318 Mill Road, Suite 1100
Alexandria, Virginia 22314
703-647-5933 / 703-684-8075 (fax)
Megan.Benary@leclairryan.com

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of May, 2010, I will electronically file the foregoing using the CaseFileXpress system, and will cause a copy of the foregoing to be sent Electronically to:

Kerry M. Diggin
Legal Counsel for the Elderly
601 E Street NW
Washington, DC 20049
**Counsel for Plaintiffs**

Onewest Bank
888 East Walnut Street
Pasadena, CA 91101

Aapex Home Mortgage
7 Church Lane, Suite 8
Pikesville, MD 21208


/s/_____
Megan S. Ben'Ary (DC Bar No. 493415)
LeClairRyan, A Professional Corporation
2318 Mill Road, Suite 1100
Alexandria, Virginia 22314
703-647-5933 / 703-684-8075 (fax)
Megan.Benary@leclairryan.com
**Counsel for Defendant Heavy Weight Title
Company d/b/a Heavy Weight Settlement
Company**

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| **ETHEL AND JAMES COLCLOUGH** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 2010 CA 001444 R** |
| | ) | |
| **ONEWEST BANK, et al.** | ) | **Judge Judith Bartnoff** |
| | ) | **Next Court Event:** |
| | ) | **June 18, 2010** |
| **Defendants.** | ) | **Initial Conference** |

<u>**CONSENT MOTION FOR EXTENSION OF TIME**</u>

Defendant Heavy Weight Title Company d/b/a Heavy Weight Settlement Company,

improperly named in the Complaint as Heavyweight Settlement Company ("Heavy Weight"), by

counsel, files this Consent Motion Requesting An Extension of Time to File Responsive

Pleadings to Ethel and James Colclough's ("Plaintiffs") Complaint filed herein, pursuant to Rule

7 and Rule 55(a)(1) of the Rules of Civil Procedure of the Superior Court of the District of

Columbia, and in support thereof, states as follows:

1.    This action commenced on or about March 5, 2010, when Plaintiffs filed their

Complaint in this Court naming Heavy Weight, among others, as a party defendant.

2.    Heavy Weight was served on April 14, 2010, making its responsive pleadings due

on or before Tuesday, May 4, 2010.

3.    Counsel for Heavy Weight contacted Plaintiffs' counsel on May 3, 2010 and

came to an agreement, wherein Heavy Weight's deadline to file responsive pleadings to

Plaintiffs' Complaint will be extended to May 21, 2010.

4.    The Court's granting of this extension will not interfere with the scheduling of

this case and the Initial Conference, which is currently scheduled for June 18, 2010.

WHEREFORE, based upon the foregoing, Defendant Heavy Weight Settlement Company respectfully moves this Honorable Court to enter an Order granting an Extension of Time through and including May 21, 2010, to file its responsive pleadings, including an Answer, or to otherwise respond to Plaintiff's Complaint.

Respectfully Submitted,
HEAVY WEIGHT TITLE COMPANY
d/b/a HEAVY WEIGHT SETTLEMENT
COMPANY

By Counsel

    /s/
Megan S. Ben'Ary (DC Bar No. 493415)
LeClairRyan, A Professional Corporation
2318 Mill Road, Suite 1100
Alexandria, Virginia 22314
703-647-5933 / 703-684-8075 (fax)
Megan.Benary@leclairryan.com

2

## MEMORANDUM OF SUPPORTING POINTS AND AUTHORITIES

1.  D.C. Superior Court Rule of Civil Procedure, Rule 7.

2.  D.C. Superior Court Rule of Civil Procedure, Rule 55(a)(1).

3.  The record herein.


## RULE 12-I CERTIFICATION

I hereby certify counsel for the Plaintiffs was contacted and she has consented to the

Motion.


/s/
Megan S. Ben'Ary


## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of May, 2010, I will electronically file the foregoing using the CaseFileXpress system, and will cause a copy of the foregoing to be sent Electronically to:

Kerry M. Diggin
Legal Counsel for the Elderly
601 E Street NW
Washington, DC 20049
*Counsel for Plaintiffs*

Onewest Bank
888 East Walnut Street
Pasadena, CA  91101

Aapex Home Mortgage
7 Church Lane, Suite 8
Pikesville, MD  21208

_/s/_____
Megan S. Ben'Ary (DC Bar No. 493415)
LeClairRyan, A Professional Corporation
2318 Mill Road, Suite 1100
Alexandria, Virginia 22314
703-647-5933 / 703-684-8075 (fax)
Megan.Benary@leclairryan.com
***Counsel for Defendant Heavy Weight Title
Company d/b/a Heavy Weight Settlement
Company***

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

ETHEL AND JAMES COLCLOUGH    )
                                         )
           Plaintiff,             )
                                         )
           v.                      )      **Civil Action No. 2010 CA 001444 R**
                                         )
ONEWEST BANK, et al.          )      **Judge Judith Bartnoff**
                                       )      **Next Court Event:**
                                       )      **June 18, 2010**
           Defendants.        )      **Initial Conference**

## ORDER GRANTING CONSENT MOTION FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADINGS

This matter comes before the Court on Defendant Heavy Weight Title Company d/b/a Heavy Weight Settlement Company's Consent Motion for Extension of Time to File Responsive Pleading to Complaint ("Consent Motion").

For the reasons stated in the Consent Motion and for good cause shown, it is hereby

ORDERED, that Defendant Heavy Weight Title Company d/b/a Heavy Weight Settlement Company's Consent Motion for Extension of Time to File Responsive Pleadings to Complaint is GRANTED and Heavy Weight shall have until on or before May 21, 2010, to file responsive pleadings to the Complaint in the above-referenced matter.


Dated: _____        _____
                                                    Judge

Copies to:

Megan S. Ben'Ary (DC Bar No. 493415)
LeClairRyan, A Professional Corporation
2318 Mill Road, Suite 1100
Alexandria, Virginia 22314
703-647-5933 / 703-684-8075 (fax)
Megan.Benary@leclairryan.com
***Counsel for Heavy Weight Title Company d/b/a Heavy Weight Settlement Company***

Kerry M. Diggin (DC Bar No. 983085)
Legal Counsel for the Elderly
601 E Street NW
Washington, DC 20049
202-434-2185/202-434-6464 (fax)
***Counsel for Plaintiffs***

Onewest Bank
888 East Walnut Street
Pasadena, CA 91101

Aapex Home Mortgage
7 Church Lane, Suite 8
Pikesville, MD 21208